89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Darrell J. MOCKUS, Defendant-Appellant.
 No. 95-1420.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1996.
Decided June 19, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Darrell J. Mockus pleaded guilty to filing a false federal income tax return, in violation of 18 U.S.C. § 287. The court sentenced him to twelve months' imprisonment and three years' supervised release. He now appeals the sentence which the district court imposed. His attorney, believing that the record shows no meritorious issues for the basis of appeal, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asking leave to withdraw.*
 
 
 2
 In 1993, Mockus obtained a blank W-2 form from a construction company in Wisconsin. He completed the W-2 form and a 1992 Form 1040-EZ federal income tax return, claiming he earned $55,624.14, with $19,996.06 withheld for federal taxes. He claimed a refund of $8,861.06. Mockus then had a Wisconsin tax-preparation firm file the return electronically. The Internal Revenue Service, after determining that Mockus was not entitled to a refund because he had earned only $4,340.00 in 1992, with no tax withholding, charged him with filing a false return in violation of 18 U.S.C. § 287.
 
 
 3
 Mockus and his court-appointed attorney[1] negotiated a plea agreement with the government, and Mockus was informed that he would be sentenced in accordance with the Sentencing Guidelines. At the sentencing hearing, the court determined that Mockus' base offense level was six. U.S.S.G. § 2F1.1(a). Mockus received a two-level increase for more than minimal planning, U.S.S.G. § 2F1.1(b)(2); a two-level increase because the amount of the attempted fraud was more than $5000 and less than $10,000, U.S.S.G. § 2F1.1(b)(1)(C); and a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), yielding a total offense level of eight. The court assigned Mockus a criminal history score of seven, based on two points for a 1991 conviction for passing bad checks, U.S.S.G. § 4A1.1(b), three points for a 1992 state conviction for delivery of cocaine, U.S.S.G. § 4A1.1(a), and two points for committing the tax fraud less than two years after being released from prison for passing bad checks. U.S.S.G. § 4A1.1(e). This placed Mockus in Criminal History Category IV, yielding a sentencing range of 10-16 months. The district court sentenced Mockus to twelve months plus one day in prison, followed by three years of supervised release.
 
 
 4
 Given the accuracy of the Presentence Investigation Report ("PSI"), which Mockus conceded at his sentencing hearing, it is clear that the district court calculated the sentence correctly under the Sentencing Guidelines. Both the Guidelines and the Comprehensive Crime Control Act, 18 U.S.C. § 3553(b), however, give district courts the discretion to depart from the Guidelines where there are mitigating circumstances which the Guidelines do not adequately take into account. 18 U.S.C. § 3553(b); U.S.S.G. Ch. 1 Pt. A(4)(b); U.S.S.G. § 5K2.0.
 
 
 5
 At sentencing, Mockus noted that although this was not his first offense, he had no history of committing violent crimes, and that his past offenses clustered in recent years when he was undergoing difficulties in his personal life. The United States Attorney conceded that Mockus would be eligible for parole rather than incarceration were it not for his criminal history. U.S.S.G. Ch. 5, Pt. A. We could review the sentence if this were the rare case where a district court mistakenly believed that it lacked authority to depart downward from the Guidelines. United States v. Prevatte, 66 F.3d 840, 843 (7th Cir.1995). The transcript of the sentencing hearing, however, indicates that the district court recognized its authority to do so, but thought that the Guidelines took this type of case into consideration, dictating the use of the Guidelines' sentencing range. Because there was no error or law or misapplication of the Guidelines, we lack jurisdiction to review the court's discretionary refusal to make a downward departure. 18 U.S.C. § 3742(e); United States v. Blackwell, 49 F.3d 1232, 1341 (7th Cir.1995).
 
 
 6
 At the sentencing hearing, the court also recognized Mockus' eloquent statement expressing remorse and accepting responsibility for his actions, and adopted the government's recommendation for a two-level reduction in offense level for acceptance of responsibility. Because Mockus' base offense level was less than 16, he did not qualify for an additional one-level reduction under U.S.S.G. § 3B1.1(b)(1). Our review of the record reveals no other potential non-frivolous issues upon which to base an appeal. Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 We notified the defendant that an Anders brief had been filed. See Circuit Rule 51(a). No response has been filed
 
 
 [1]
 We later struck that lawyer from the roll of attorneys entitled to practice before this court, for his failure properly to prosecute Mockus' appeal